UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER M. SWISHER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-488-JD-MGG |
| ANGLE, et al., | |
| Defendants. | |

OPINION AND ORDER

Christopher Swisher, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 7.) The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This is Mr. Swisher's third attempt to state his claims.[1] (*See* ECF 1, 5.) His allegations are quite sparse, but the court must give them liberal construction since he is

---

[1] His first two complaints were stricken because they contained unrelated claims against unrelated defendants. The court twice gave him instructions on narrowing the case to only related claims and on drafting an amended complaint. (*See* ECF 4, 6.) The present complaint contains claims that are at least arguably related.

proceeding without counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). He alleges that prison staff at Miami Correctional Facility ("MCF") failed to protect him from an attack by other inmates on March 3, 2021. He does not describe the attack in any detail, but it can be discerned that he was moved to a different dormitory after the attack occurred. He alleges in general terms that Captain Murphy (first name unknown) "failed to protect me from violent assaults after he was told that I was in danger by his own co-worker." He alleges that Warden William Hyatte also violated his rights because of the attack. He further alleges that he attempted to file a grievance after this incident and told Warden Payne (first name unknown)[2] that he intended to file a civil lawsuit about what had occurred. Warden Payne allegedly retaliated against him by telling his staff to restrict Mr. Swisher's mail and phone calls and to otherwise make his life "a living hell." He further claims that Unit Team Manager Angle (first name unknown) threatened him that if he did not sign a waiver of liability in connection with the attack, he would have Mr. Swisher put back in the dormitory where he was assaulted.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates" and to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777

---

[2] It appears Mr. Swisher may have included the wrong title for defendant Payne, as William Hyatte has been the Warden of MCF for several years. *See* https://www.in.gov/idoc/find-a-facility/adult-correctional-facilities/miami-correctional-facility/ (last visited Sept. 14, 2021). It is apparent from his allegations that he is referring to a supervisory prison staff member with the last name Payne.

2

(7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must establish that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. As the Circuit has explained:

> To establish deliberate indifference on the part of the defendants sued individually, [plaintiff] needed to show that the officers acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger. [Plaintiff] testified during his deposition that he told officers twice . . . that he was afraid for his life and he wanted to be transferred off the tier. . . . We have previously held that statements like those made by [plaintiff] are insufficient to alert officers to a specific threat. In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were. . . . This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (internal citations and footnote omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

It is unfortunate that Mr. Swisher was injured, but he has not alleged a plausible Eighth Amendment claim. He alleges only generally that Captain Murphy was told by someone else that he "was in danger." He provides no other details for the court to

3

assess whether Captain Murphy was given a specific warning about a specific inmate who was likely to attack Mr. Swisher and deliberately ignored the risk. Merely "putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to [the plaintiff] that might be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). To the extent he is claiming that prison policies were not followed, a violation of prison policy or other state law does not give rise to a federal constitutional claim. *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019).

His allegations against Warden Hyatte are even more general, and it appears he is trying to hold him liable for the attack because he has a supervisory position at the prison. However, liability under 42 U.S.C. § 1983 is based on personal responsibility, and Warden Hyatte cannot be held liable for the misdeeds of other prison staff simply because of his supervisory role. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Supervisory prison staff can be held liable for deliberate indifference only when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). There is no plausible basis in the amended complaint to infer that Warden Hyatte was subjectively aware prior to the attack that Mr. Swisher was at risk of harm from a particular inmate or inmates, that he condoned the attack, facilitated it, or turned a blind eye to the risk. He will not be permitted to proceed against these defendants.

As to his allegations about Warden Payne and Unit Team Manager Angle, they are best understood as a First Amendment retaliation claim. To establish such a claim,

4

he must allege "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citation omitted). A prisoner has a First Amendment right to use the prison grievance process and a First Amendment right of access to the courts, and he cannot be punished for exercising these rights. *Id*.; *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Mr. Swisher alleges that Warden Payne restricted his mail and phone calls and told prison staff to make his life a "living hell" because he filed grievances and said he intended to file a civil lawsuit over the attack. He alleges that Unit Team Manager Angle threatened to put him back with the prisoners who attacked him if he did not agree to forgo a lawsuit about the incident. These actions could "dissuade a reasonable person from engaging in future First Amendment activity." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015). He will be permitted to proceed on a First Amendment retaliation claim against these defendants.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Payne and Unit Team Manager Angle (first names unknown) in their personal capacity for money damages for retaliating against him in violation of the First Amendment when he filed grievances and stated an intention to file a civil lawsuit related to an attack by other inmates on March 3, 2021;

5

(2) DISMISSES all other claims;

(3) DISMISSES Captain Murphy and Warden William Hyatte as defendants;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Payne and Unit Team Manager Angle (first names unknown) at the Indiana Department of Correction and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Warden Payne and Unit Team Manager Angle to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 15, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT